# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued September 12, 2022      Decided March 3, 2023

No. 22-1004

IN RE: FLYERS RIGHTS EDUCATION FUND, INC., DOING
BUSINESS AS FLYERSRIGHTS.ORG AND PAUL HUDSON,
PETITIONERS

————

On Petition for Writ of Mandamus

————

*Michael T. Kirkpatrick* argued the cause for petitioners. With him on the petition for a writ of mandamus and the reply was *Allison M. Zieve.*

*Martin Totaro*, Attorney, U.S. Department of Justice, argued the cause for respondents. On the opposition to the petition for writ of mandamus was *Mark B. Stern*, Attorney.

Before: WALKER, *Circuit Judge*, and ROGERS and TATEL, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*: In 2006, American Airlines held passengers on a plane for nine hours while the plane remained on the tarmac in Austin, Texas. One of those passengers was Kate Hanni. The next year, she founded a non-profit to lobby the government to further regulate how commercial airlines treat their customers. Hanni called her group Flyers Rights.

In this case, Flyers Rights and its current president have taken aim at the small size of airline seats. In their view, small seats slow emergency evacuations and cause medical problems like blood clots. They have petitioned for a writ of mandamus ordering the FAA "to commence rulemaking to establish minimum seat size and spacing requirements for commercial aircraft and to issue a final rule by a date certain." Pet. Br. 23.[1]

Mandamus petitioners must show "a clear and indisputable right to relief." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (cleaned up).[2] Flyers Rights says that the FAA Reauthorization Act of 2018 gives it that right. The Act provides:

> Not later than 1 year after the date of enactment of this Act, and after providing notice and an opportunity for comment, **the Administrator of the Federal Aviation**

---

[1] This is not Flyers Rights' first rodeo — or their last. In 2015, it petitioned the FAA to regulate airplane seat sizes. *See Flyers Rights Education Fund, Inc. v. Federal Aviation Administration*, 864 F.3d 738, 741–42 (D.C. Cir. 2017). The FAA denied their petition. *Id.* at 742. In 2017, this court upheld the FAA's decision in part. *Id.* at 741. On remand, the FAA denied their petition once more. *See* Letter from Federal Aviation Administration to Paul Hudson (July 2, 2018), https://go.usa.gov/xzzAD (July 2018 Letter). Then in 2022, after filing this mandamus petition, they again petitioned the FAA to regulate airplane seat sizes. *See* FlyersRights.org, Petition for Rulemaking 1, 26 (Oct. 5, 2022), https://perma.cc/ZVV9-RTL7.

[2] In addition to establishing "that the agency has violated a crystal-clear legal duty," a "mandamus petitioner must show that it has no other adequate means to attain the relief it desires." *In re: Center for Biological Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022) (cleaned up). And even then "a court may grant mandamus relief only when it also finds compelling equitable grounds." *Id.* (cleaned up).

**Administration shall issue regulations that establish minimum dimensions for passenger seats on aircraft** operated by air carriers in interstate air transportation or intrastate air transportation, including minimums for seat pitch, width, and length, **and that are necessary for the safety of passengers**.

49 U.S.C. § 42301 note (emphases added).

Under that provision's best interpretation — though perhaps not its only interpretation — the FAA must issue regulations if they satisfy those two bolded criteria. *Id.* First, the regulations must "establish minimum dimensions for passenger seats on aircraft." *Id.* Second, the regulations must *also* be "necessary for the safety of passengers." *Id.*

That interpretation follows from the provision's use of the conjunctive "and." The FAA must issue regulations that mandate minimum seat sizes "*and* that are necessary for the safety of passengers." *Id.* (emphasis added). So unless seat-size regulations are "necessary for the safety of passengers," the FAA Reauthorization Act neither requires nor even authorizes the FAA to "establish minimum dimensions for passenger seats on aircraft." *See Loving v. IRS*, 742 F.3d 1013, 1019 (D.C. Cir. 2014) ("the statute uses the conjunctive 'and' — not the disjunctive 'or' — when listing the various requirements, a strong indication that Congress did not intend the requirements as alternatives"); *see also* Oral Arg. Tr. 5 (Judge Tatel: "Suppose I asked you to buy me a car that is fast and red. Would you get me a car that's just fast without regard to color?"); Antonin Scalia & Bryan A. Garner, *Reading Law* 116 ("*And* joins a conjunctive list"); *cf. id.* at 142 (grammar has a "preference for *that* in a restrictive clause and a comma plus *which* in a nonrestrictive clause").

The problem for Flyers Rights is that it has not made a "'clear and indisputable'" showing, *In re Cheney*, 406 F.3d at 729, that *any* seat-size regulations "are necessary for the safety of passengers," 49 U.S.C. § 42301 note.[3]

Start with emergency evacuations. Flyers Rights says that small seats materially slow the exit of passengers in an emergency. But that is not "'clear and indisputable.'" *In re Cheney*, 406 F.3d at 729. The FAA says it has found no compelling evidence of it so far. Resp. Br. 6-7. And Flyers Rights has brought none to our attention.

It's not as if the FAA is refusing to look for that evidence. It has run emergency-exit tests, and it has reviewed nearly 300 real-world exits. But each time, there is little to "no discernable difference in evacuation times due to seat dimensions." Resp. Br. Exhibit B 44. According to the FAA, that's in part because "the time it takes to stand up from one's seat . . . is less than the time it will take to get the emergency exits opened and functional and for the line that begins forming in the aisle to clear." Letter from FAA to Paul Hudson at 2 (July 2, 2018), https://go.usa.gov/xzzAD.[4]

---

[3] The word "necessary" often means "absolutely needed: REQUIRED." Necessary (def. 1), *Merriam-Webster* (2023); *see also Vorchheimer v. Philadelphia Owners Association*, 903 F.3d 100, 105 (3d Cir. 2018) ("necessary" often means "required, indispensable, essential" (cleaned up)). But here, even if "necessary" merely means something like "sufficiently important," Flyers Rights would still need to show what it has not — at least *some* material connection between seat-size regulations and passenger safety.

[4] That finding will surprise no one who has waited for the center aisle to clear while standing in the back of an airplane.

As for seat sizes and blood clots, Flyers Rights has again shown no "'clear and indisputable'" connection. *In re Cheney*, 406 F.3d at 729. Evidence before the FAA in 2017 suggested that blood clots on flights are rare and are "not caused by seat size or spacing." *Flyers Rights Education Fund Inc. v. FAA*, 864 F.3d 738, 749 (D.C. Cir. 2017). And although small seats can certainly cause soreness and stiffness, those conditions are not safety hazards; rather they are "commonplace, temporary, and non-life-threatening discomforts." *Id.*

To be sure, many airline seats *are* uncomfortably small. That is why some passengers pay for wider seats and extra legroom. But it is not "'clear and indisputable'" that airline seats have become *dangerously* small. *In re Cheney*, 406 F.3d at 729. Unless they are dangerously small, seat-size regulations are not "necessary for the safety of passengers." 49 U.S.C. § 42301 note. And until they are "necessary," the FAA cannot comply with Congress's order to promulgate seat-size regulations "necessary for the safety of passengers." *Id.*

To be clear about the limits of our holding, evidence *might* one day show that seat-size regulations are "necessary for the safety of passengers." *Id.* The FAA has requested public comments and is currently reviewing them. In addition, Flyers Rights recently petitioned the FAA to promulgate seat-size regulations, and in that proceeding, new evidence might arise. *See* FlyersRights.org, Petition for Rulemaking 1, 26 (Oct. 5, 2022), https://perma.cc/ZVV9-RTL7.[5]

---

[5] Even if seat-size regulations are not yet necessary, perhaps airlines will make seat sizes so small in the future that they slow emergency evacuations or otherwise endanger passengers. If so, regulations could then be "necessary." 49 U.S.C. § 42301 note.

Today we merely hold that Flyers Rights lacks a "clear and indisputable right to relief." *In re Cheney*, 406 F.3d at 729 (cleaned up). That's because the FAA Reauthorization Act speaks only of seat-size regulations that "are necessary for the safety of passengers," and on the record before us, the necessity of those regulations is neither clear nor indisputable. 49 U.S.C. § 42301 note; *see also In re National Nurses United*, 47 F.4th 746, 752-54 (D.C. Cir. 2022) (mandamus is not appropriate unless the agency has violated a clear legal duty).

\*   \*   \*

The petition is therefore denied.

*So ordered.*